ROGERS, Circuit Judge,
concurring.
It has taken many years, but the court finally has concluded that it is authorized to hold, and does hold, that a district court, in sentencing a defendant, may properly take into account the fact that the 100-to-1 ratio embedded in the Sentencing Guidelines for crack-to-powdered cocaine offenses bears no meaningful relationship to a defendant’s culpability.
As early as 1995, the Sentencing Commission issued a Special Report stating that the ratio was unfair and produced extreme sentencing anomalies, thereby failing to accomplish the purposes set forth in the Sentencing Reform Act, 18 U.S.C. § 3553(a).[1] In 1996, when the Guidelines were mandatory, Judge Wald explained why the 100-to-l ratio, which the Commission itself had identified as a source of unfairness and unnecessarily high sentences under § 3553(a),[2] established grounds for a departure from the crack/cocaine Guideline. United States v. Anderson, 82 F.3d 436, 445-50 (D.C.Cir.1996) (Wald, J., dissenting). The Sentencing Commission continued to document the unfairness and irrationality of the ratio in its 2002 and 2004 reports, repeating that the crack/cocaine Guideline does not adequately reflect the relative culpability of crack offenders.[3]
Absent en banc review, Anderson remained binding on panels of this court. *1357 See LaShawn v. Barry, 87 F.3d 1389 (D.C.Cir.1996) (en banc): In United States v. Booker, 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), however, the Supreme Court held that the mandatory Guidelines violated a defendant’s rights under the Sixth Amendment and that, as a remedy, the Guidelines scheme could be treated as advisory only. In the wake of Booker, the court today holds that under an advisory Guidelines scheme, a district court, in sentencing a defendant, may take into account when considering the sentencing factors of 18 U.S.C. § 3553(a) that the 100-to-l ratio in § 2D1.1 bears no meaningful relationship to a defendant’s culpability. The plain text of § 3553(a) presents no bar to a district court’s consideration of the problems with the ratio that applies to all crack offenders, see Op. at 1352 n. 4, and were the court to reach any other conclusion it would frustrate the overarching purpose of a sentencing scheme to impose just punishments reflecting the seriousness of an offense and be contrary to the sentencing factors that Congress established in § 3553(a)(2).[4]
As to Pickett’s challenge to the ratio on equal protection grounds, this court has previously rejected it. See United States v. Holton, 116 F.3d 1536, 1548 (D.C.Cir.1997); United States v. Johnson, 40 F.3d 436, 440 (D.C.Cir.1994), cert. denied, 514 U.S. 1041, 115 S.Ct. 1412, 131 L.Ed.2d 297 (1996). Absent en banc review, the court is bound by its precedent. See LaShaim, 87 F.3d at 1395.
Accordingly, for these reasons, I concur in holding that the district court erred when, in sentencing Pickett, it declined to consider the problems that arise in applying the 100-to-l ratio in Guideline § 2D1.1 to crack cases under the advisory Guidelines scheme, and that his sentence must be vacated and the case remanded to the district court for resentencing.

. United States Sentencing Commission, Special Report to the Congress: Cocaine and Federal Sentencing Policy (1995).

. Special Repon at xii-xiii, xiv.

. United States Sentencing Commission, Re-pon to Congress: Cocaine and Federal Sentencing Guidelines at v-ix (2002); United States Sentencing Commission, Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform at xv-xvi, 113-114, 131-132, 141 (2004).

. See Booker, 543 U.S. at 264-65, 125 S.Ct. 738; Fifteen Years at iv-v.